# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERT D. GRAYSON #287410, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:19-cv-00662 |
| ) | |
| CORE CIVIC, et al., ) | JUDGE CAMPBELL |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert D. Grayson, an inmate in the custody of the Davidson County Sheriff in Nashville, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He has also filed an amended application to proceed in district court without prepaying fees and costs ("IFP application"). (Doc. No. 2.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A.  Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as

an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Davidson County Sheriff to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

### B. Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that the jail multi-purpose room is an officially approved area for prayer. (Doc. No. 1 at 5.) While he was praying in the multi-purpose room on May 12, 2019, Lieutenant Timeka Johnson interrupted his prayer and told him to leave the room. (*Id.*) Not wanting to get into trouble or escalate the situation, Plaintiff left the room without argument. (*Id.*) Shortly thereafter, another officer confirmed to Plaintiff that prayer in the multi-purpose room was approved and offered to write an email to management explaining what had happened. (*Id.*; Doc. No. 1-1 at 3.) After Plaintiff filed a grievance about the incident, the unit manager reported that he spoke to Defendant Johnson and informed her that inmates are allowed to pray in the multi-purpose room, which she said she did not previously know. (Doc. No. 1-1 at 6.) However, Defendant Johnson was apparently not fired as Plaintiff requested, and he was dissatisfied with how his grievance was handled. (*Id.* at 4–5.) Plaintiff sues Core Civic as well as Defendant Johnson and seeks $100,000 and Defendant Johnson's termination. (Doc. No. 1 at 5.)

The First Amendment guarantees inmates "reasonable opportunities" to practice their religion. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). More expansively, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, prohibits the government from

imposing any "substantial burden" on an inmate's exercise of his religion, except when the government can demonstrate that its policy is the least restrictive means of furthering a compelling governmental interest. *Holt v. Hobbs*, 135 S. Ct. 853, 861–62 (2015). A single, isolated instance of interrupted prayer—particularly when there is no allegation that it was done maliciously or with the intent to discriminate against Plaintiff—clearly does not violate either standard. *See*, *e.g.*, *Brown v. Graham*, 470 F. App'x. 11, 15 (2d Cir. 2012) (missing one kosher meal not substantial burden); *Joe v. Nelson*, No. 5:14-CV-0184, 2014 WL 2930856, at *4 (M.D. Ga. June 27, 2014) (four missed prayers in one day due to isolated incident of standing water on floor not a substantial burden on the exercise of his religion); *Davis v. Doe*, No. 1:14CV373, 2014 WL 1835853, at *2 (M.D.N.C. May 8, 2014) (missing part of one religious service not a substantial burden); *Pfeil v. Lampert*, 11 F. Supp. 3d 1099, 1111-12 (D. Wyo. Mar. 31, 2014) (single missed visit with minister not substantial burden); *Mubashshir v. Moore*, No. 3:10 CV 2802, 2011 WL 1496670 (E.D. Mich. April 19, 2011) ("Isolated acts or omissions, however, do not constitute a substantial burden on religious freedom.") (collecting cases). Accordingly, Plaintiff fails to state a claim for relief against any Defendant based on the single event described in his complaint.

Moreover, even if Plaintiff had stated a claim against Defendant Johnson, he still would not state a claim against Core Civic. An inmate only states a claim against a corporation performing traditional state functions when he alleges that his injury was caused by an action taken pursuant to some official policy or custom. *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003). Plaintiff expressly alleges, however, that Defendant Johnson's interruption of his prayer was contrary to the jail policy of allowing prayer in the multi-purpose room. His complaint further indicates that the unit manager took remedial action to correct Defendant Johnson's misunderstanding of that policy by speaking to her about it. Thus, even if a colorable claim arose

4

from the interruption of Plaintiff's prayer, it was not the result of any Core Civic custom or policy.

C. **CONCLUSION**

For the reasons explained above, Plaintiff's claim is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE